UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) Criminal No. 19-127-WES |
| v. | ) |
|  | ) |
| CHARLES MORANCEY | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Charles Morancey ("Morancey") is due to be sentenced on July 20, 2021 for traveling with the intent to engage in illicit sexual conduct with a minor and receipt of child pornography, in violation of 18 U.S.C. §§ 2423(b) and 2252(a)(2). At the age of 43, defendant met and groomed online a 15-year old girl from Michigan ("Victim 1") with sexually explicit communications and protestations of love. Defendant then drove from Rhode Island to Michigan and, without her parents' knowledge or consent, transported Victim-1 back to Rhode Island and had sexual relations with her on multiple occasions. Defendant took deliberate steps to keep Victim-1 from being found by her family, including instructing Victim-1 to throw away the SIM card in her cell phone and to change the passwords and to delete her social media accounts.

What followed was a harrowing four days in which Victim-1's parents did not know if she were alive and feared the worst. An extensive law enforcement operation commenced to locate Victim-1. After several agonizing days, law enforcement was able to locate Victim-1 after she logged onto her Instagram account from defendant's address in Warwick, Rhode Island. Although Victim-1 was fortunately unharmed physically, the emotional devastation defendant inflicted upon Victim-1 and her parents was immense. Victim-1 and her parents are still suffering from the trauma caused by this defendant and likely will for the rest of their lives.

1

Defendant is facing a mandatory minimum sentence of 5 years imprisonment and a guideline range of 121-151 months of imprisonment. Due to the seriousness of the offenses, the need to protect the public, and the need to punish the defendant and to afford adequate deterrence, the United States recommends that the Court impose a sentence of 135 months of imprisonment.[1]

Seriousness of the Offense

The first sentencing factor the Court must consider under 18 U.S.C. § 3553 is the seriousness of the offenses. There can be no question that the offenses committed by Morancey were extraordinarily serious. At the age of 43, defendant met a 15-year old girl on-line and carefully groomed her to have a sexual relationship with him. He bombarded Victim-1 with compliments, telling her how special she was and that he loved her. He also made perfectly clear what he wanted from her sexually. For example, at one point Morancey messaged Victim-1 the following: "I am going to cum on your [expletive], stick my [expletive] in it. Then stick it in your mouth." Victim-1, like many teenagers, had complaints about her home life and expressed those complaints to defendant. Defendant pounced on these complaints and hatched a plan to pick up Victim-1 from her home in Michigan and take her back to his house in Rhode Island.

---

[1] In his Sentencing Memorandum, defendant argues that the Guideline range in this case is "unreasonably high" as it encompasses the use of a computer 2-level enhancement which is involved in most similar cases and because a 5-level enhancement was added for engaging in a pattern of prohibited sexual activity. Whatever the merits of these arguments, the Government could make the same argument in reverse. For example, defendant could well have been charged with transporting a minor in interstate commerce with the intent to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(a), or with enticement of a minor, in violation of 18 U.S.C. § 2422(b). Such charges apply precisely to the facts of this case and carry 10-year statutory minimum sentences and higher guideline ranges. The bottom line is that the Court must determine what a reasonable sentence is in this case after considering the factors enumerated in 18 U.S.C. § 3553.

Victim-1 snuck out of her home on August 2, 2019 and met defendant at a nearby location. Defendant then drove Victim-1 back to Rhode Island, stopping along the way to have sex with Victim-1 in a rest area in Indiana. Upon arriving in Rhode Island, defendant continued to have sex with Victim-1 on multiple occasions. Defendant did his best to make sure that no one would find Victim-1, instructing her to throw away her SIM card and to delete her social media accounts. Fortunately, Victim-1 did not heed these instructions entirely and logged onto her Instagram account from defendant's home, leading to her recovery by law enforcement.

The harm inflicted by defendant's conduct is many-fold. First, and most important, is the serious harm suffered by Victim-1. For the rest of her life, she will need to come to terms with the fact that her first sexual experience was with a 43-year old man who groomed her over the internet and convinced her to run away from home. The mother of Victim-1 wrote a letter to the Court explaining how devastating this ordeal has been on Victim-1 and the entire family. She writes that her daughter now suffers from stress, anxiety, and debilitating social skills, that she feels very uncomfortable at school and at home and that she has trust issues and sadness. Victim-1 has been in counseling and will likely need to be for a long period to come. Recovering from the psychological damage caused by the defendant will likely be a lifelong struggle.

The harm suffered by Victim-1's parents and grandmother was also immense. They lived every parents' worst nightmare when their child went missing for days. Victim-1's mother writes about the fears that she suffered when her daughter was missing: "Was she eating? Was she being beaten? Was she being drugged? Was she kicked to the side of the road somewhere? Was she dead? Was she being trafficked?" It is impossible to imagine the stress and anxiety suffered by this family, stress that was knowingly inflicted by the defendant when he took active steps to

ensure that Victim-1's parents would have no way of finding their daughter or even of knowing if she were alive.

Why did defendant inflict so much suffering on others? He did so for one and only one reason: to gratify himself sexually. He is obviously sexually attracted to teenage girls and seized upon an opportunity to have sex with one such girl who appeared vulnerable in on-line communications. He did not care what long-lasting damage he would inflict on this teenage girl. He did not care what suffering he would cause her parents when he took her from her home in Michigan and took steps so that she could not be found. All he cared about was his own sexual gratification. The seriousness of the offense conduct clearly calls for a very significant sentence.

Protection of the Public

The next pertinent factor under 18 U.S.C. § 3553 is the need to protect the public. The public needs to be protected from this defendant. He is obviously sexually attracted to teenage girls and adept at gaining their trust in on-line communications. The only way the Court can be sure that this defendant will not engage is similar behavior with another child is for him to be incarcerated for a lengthy period of time.

Need to Afford Adequate Deterrence

Unfortunately, there are many vulnerable teenagers who spend hours each day on social media sites. These teenagers are particularly susceptible to people like the defendant, who perceive their vulnerability and lavish them with flattery and compliments. Once successfully groomed, individuals like the defendant are able to sexually exploit these vulnerable teenagers for their own gratification. In this case, the Court has an opportunity to send a powerful message to this defendant and to the countless others who use the anonymity of the internet as a means to

sexually exploit minors: if you engage in this despicable conduct, you will be spending years in federal prison.

For all of the foregoing reasons, a sentence of 135 months of imprisonment is sufficient, but not greater than necessary, to punish the defendant, promote respect for the law, protect the public, and afford adequate deterrence.

                                              Respectfully submitted,

                                              RICHARD B. MYRUS
                                              ACTING UNITED STATES ATTORNEY

                                              */s/ Lee Vilker*
                                              LEE H. VILKER
                                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of July 2021, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

                /s/ Lee H. Vilker
                LEE H. VILKER
                Assistant U. S. Attorney,
                U. S. Attorney's Office
                50 Kennedy Plaza, 8th Floor
                Providence, RI 02903
                401-709-5000, 401-709-5001 (fax)